IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KANE BUILDERS S&D, INC.          :

    v.                              :   Civil Action No. DKC 12-3775

MARYLAND CVS PHARMACY, LLC       :

**MEMORANDUM OPINION**

Presently pending and ready for review in this mechanic's lien case is the motion to dismiss the amended complaint, or in the alternative, to stay and compel mediation, filed by Defendant Maryland CVS Pharmacy, LLC ("CVS"). (ECF No. 19). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion to dismiss, or in the alternative, to stay and compel mediation will be granted in part and denied in part.[1]

## I. Background

On September 23, 2010, CVS signed a 25-year lease on property in Charles County, Maryland, on which it intended to build a retail pharmacy. CVS contracted with TVC Construction

---

[1] Defendant has also moved to consolidate this case with a related case, *Mandley Excavating, LLC v. Maryland CVS Pharmacy, LLC*, No. DKC-13-0840. (ECF No. 23). Because that case was remanded to state court, the motion to consolidate will be denied as moot. (DKC-13-0840, ECF Nos. 28 through 30).

Services, LLC ("TVC") to develop and manage the construction project. Plaintiff Kane Builders S&D, Inc. ("Kane Builders") is a Pennsylvania construction company that contracted with TVC to provide work and materials for the project. (ECF No. 17, at 2). The contract between Kane Builders and TVC included documents that were based on standard form construction contract documents drafted by the American Institute of Architects ("AIA"). The final contract between the parties attached AIA Document A201 – 2007, "General Conditions of the Contract for Construction," and other documents related to Plaintiff's bid for the contract. (ECF No. 17-2). The parties amended this document by striking through a number of its provisions. The "General Conditions" portion of the contract includes § 15.2.8, which states that "[i]f a Claim relates to or is the subject of a mechanic's lien, the party asserting such Claim may proceed in accordance with applicable law to comply with the lien notice or filing deadlines." (*Id.* at 52). Section 15.3.1 also provides that "[c]laims, disputes, or other matters in controversy arising out of or related to the Contract . . . shall be subject to mediation as a condition precedent to binding dispute resolution." (*Id.*). Section 15.3.2 provides that a request for mediation "may be made concurrently with the filing of binding dispute resolution proceedings but, in such event, mediation shall proceed in advance of binding dispute resolution

proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing." (*Id.*). Although the standard form "General Conditions" also includes a § 15.4 that outlines arbitration proceedings as the next step in the dispute resolution process, here the parties crossed out this section. (*Id.*). The contract provides that Maryland law governs. (*Id.* at 47).

Plaintiff worked for TVC at the Charles County property to construct a retail pharmacy building between August 2011 and September 2012. It argues that it earned a total of $3,791,644.13, of which $1,280,315.90 remains unpaid. (ECF No. 17-1, at 1).

### A. Procedural Background

On October 24, 2012, Plaintiff sent Defendant a letter titled "Notice to Owner or Owner's Agent of Intention to Claim a Lien," in which it described the work done and amount owed. (ECF No. 17-1). On November 2, 2012, Plaintiff filed a petition to establish and enforce a mechanic's lien in the Circuit Court for Charles County, Maryland. (ECF No. 2). On December 26, 2012, CVS removed the case to this court pursuant to 28 U.S.C. § 1332. (ECF No. 1). The same day, Defendant filed a motion to dismiss, or, in the alternative, to stay and compel mediation. (ECF No. 9). On January 16, 2013, Plaintiff filed an amended petition to establish and enforce a mechanic's lien (ECF No.

17), and on January 18, CVS renewed its motion to dismiss or to stay and compel arbitration (ECF No. 19). Plaintiff opposed this motion (ECF No. 20), and Defendant replied (ECF No. 22).

**II. Analysis**

    **A. Motion to Dismiss Pursuant to Rule 12(b)(1)**

Defendant contends that Plaintiff has failed to comply with a condition precedent to litigation in its construction contract with TVC that required them to submit all disputes to non-binding mediation.[2] Therefore, Defendant asserts that the case is subject to dismissal for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1).

Defendant has conflated the concepts of subject matter jurisdiction and "condition precedent" to litigation. *See Harris v. Amoco Production Co.*, 768 F.2d 669, 680 (5th Cir. 1985) (concluding that "while the failure to comply with a condition precedent usually means that a plaintiff cannot bring suit . . ., it does not mean that the district court lacks subject matter jurisdiction"); *N-Tron Corp. v. Rockwell Automation, Inc.*, No. 09-0733-WS-C, 2010 WL 653760, at *4 (S.D.Ala. Feb. 18, 2010) (noting that "the question of subject matter jurisdiction is analytically distinct from that of failure to satisfy conditions

---

    [2] The contract at issue here is between TVC and Kane Builders, for the benefit of CVS. Plaintiff does not dispute the ability of CVS to enforce the contract.

precedent to suit"); *but see Tattoo Art, Inc. v. TAT Int'l, LLC*, 711 F.Supp.2d 645, 651 (E.D.Va. 2010) (finding that failure to engage in alternative dispute resolution as condition precedent to litigation constitutes a jurisdictional defect). Failure to satisfy a contractual condition precedent to litigation cannot divest the court of subject matter jurisdiction. Subject matter jurisdiction "refers to a tribunal's 'power to hear a case,' a matter that can never be forfeited or waived." *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs and Trainmen Gen. Comm. Of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (citations omitted).

The parties do not dispute that either the diversity of citizenship or the amount in controversy requirements of 28 U.S.C. § 1332 have been met, and this court has subject matter jurisdiction over this case. *See HWC Wire & Cable Co. v. Mirant Mid-Atl., LLC*, No. DKC-10-731, 2010 WL 2431018, at *3 (D.Md. June 10, 2010) (exercising jurisdiction over Maryland mechanic's lien claim on the basis of diversity jurisdiction). While Plaintiff's failure to comply with an agreed upon condition precedent may prove fatal to its claims on the merits, it has no bearing on the court's power to hear the case. Therefore, Defendant's motion to dismiss must be denied to the extent that it relies on Rule 12(b)(1).

**B. Failure to Mediate**

Defendant's motion to dismiss the amended petition is instead properly considered under Rule 12(b)(6). Defendant argues that Kane Builders' failure to comply with the contractual mediation requirements precludes it from seeking relief here and requires that its claims be dismissed. Plaintiff responds that the contract expressly recognizes the right for a party to file a petition for a mechanic's lien, and that an action for a mechanic's lien is outside the scope of the mediation clause.[3] Finally, Plaintiff argues that, if the mediation clause does apply, the case should be stayed pending mediation after the court holds a hearing on whether an interlocutory lien is appropriate.

---

[3] Plaintiff alternately argues that litigation is not included within the meaning of the term "binding dispute resolution" as the contract uses the term, and therefore mediation is not a condition precedent to litigation. This argument is without merit. Litigation is unquestionably a form of binding dispute resolution:

> While plaintiff is correct that dispute resolution is not equivalent to litigation, plaintiff ignores that litigation is a form of dispute resolution. The contract at issue did not define "dispute resolution." Under the standard definition, it is a given that litigation is a method of dispute resolution. Thus, because the clause refers to "dispute resolution," it includes "litigation."

*Top Flight Steel, Inc. v. CRR Builders, Inc.*, No. 06-2498, 2007 WL 1018764, at *1 (D.Kan. April 2, 2007).

6

### 1. Scope of Mediation Clause

"The cardinal rule of contract interpretation is to give effect to the parties' intentions." *Tomran, Inc. v. Passano*, 391 Md. 1, 14 (2006). In determining that intent, unambiguous contract terms are given their plain meaning. *See Nova Research, Inc. v. Penske Truck Leasing Co.*, 405 Md. 435, 448 (2008). Therefore, the court's task is to "[d]etermine from the language of the agreement itself what a reasonable person in the position of the parties would have meant at the time it was effectuated." *Calomiris v. Woods*, 353 Md. 425, 436 (1999) (quoting *Gen. Motors Acceptance v. Daniels*, 303 Md. 254, 261 (1985)). Furthermore, "the contract must be construed in its entirety and, if reasonably possible, effect must be given to each clause so that a court will not find an interpretation which casts out or disregards a meaningful part of the language of the writing." *See Nat'l Union v. David A. Bramble, Inc.*, 388 Md. 195, 209 (2005) (citations omitted).

Section 15.3.1 of the General Conditions of the parties' construction contract provides that: "Claims, disputes, or other matters in controversy arising out of or related to the Contract . . . shall be subject to mediation as a condition precedent to binding dispute resolution." (ECF No. 17-2, at 52). This clause is sufficiently broad to cover disagreements concerning a mechanic's lien. Although the mediation clause

does not include words such as "any" or "all" to qualify the type of disputes that must be mediated, the parties implicitly indicated that the clause would be interpreted expansively by writing a clause that contained no exceptions. *See Weatherly Cellaphonics Partners v. Hueber*, 726 F.Supp. 319, 321 (D.D.C. 1989) (holding that drafting an arbitration clause that contained no exceptions later precluded plaintiff's argument that a particular dispute did not fall within the provisions of the clause). Therefore, Plaintiff's claim for a mechanic's lien constitutes a claim that is subject to the contract's mediation clause.

2. **Application of Mechanic's Lien Clause to Stay Proceedings**

The question remaining is whether to stay or to dismiss the case without prejudice in favor of mediation. The contract between TVC and Plaintiff contains a provision that explicitly allows a party to petition for a mechanic's lien in conjunction with the parties' agreement to mediate disputes: "[i]f a Claim relates to or is the subject of a mechanic's lien, the party asserting such Claim may proceed in accordance with applicable law to comply with the lien notice or filing deadlines."[4] (ECF

---

[4] Courts have routinely noted that language identical or nearly identical to § 15.2.8 of the parties' contract, as used in the 2007 and 1997 versions of AIA Document A-201, unambiguously provides that a claim for a mechanic's lien may be

No. 17-2, at 52). Because the contract allows the parties to pursue a mechanic's lien as a supplement to mediation, the petition will not be dismissed. Indeed, dismissal is not required when the parties fail to comply with dispute resolution proceedings provided for in a contract. *See N-Tron Corp.*, 2010 WL 653760, at *7 (collecting cases, construing contractual mediation clause, and staying case pending mediation). Rather, when enforcing agreements to mediate, "district courts have inherent, discretionary authority to issue stays in many

---

pursued parallel to mediation. *See, e.g.*, *SC & A Constr. Inc. v. Potter*, No. 12L-09-022, 2012 WL 6930317, at *1 (Del.Supr. Dec. 21, 2012) (noting that the AIA 2007 standard form contract "unambiguously calls for mediation followed by compulsory arbitration of 'their disputes,' but also allows [for] timely filing of a mechanic's lien"); *Commonwealth Const. Co. v. Cornerstone Fellowship Baptist Church, Inc.*, No. 04L-10-101, 2006 WL 2567916, at *22 (Del.Super.Ct. Aug. 31, 2006) (concluding that construction company's filing of a mechanic's lien without first mediating the claim "did not breach the Agreement" because the 1997 AIA A-201 provided "[i]f a Claim relates to or is the subject of a mechanic's lien, the party asserting such Claim may proceed in accordance with applicable law to comply with the lien notice or filing deadlines prior to resolution of the Claim by the Architect, by mediation or by arbitration"); *Dominion Consulting & Mgmt., Inc. v. Davis*, 63 Va.Cir. 548, 548 (2004) ("the 1997 edition of AIA Document A-201 (General Conditions) . . . contains a carve-out provision allowing for actions on mechanic's liens to proceed despite the parties' agreement to submit disputes to arbitration"); *see also* American Institute of Architects, Document Commentary, A-201 – 2007 General Conditions of the Contract for Construction 58 (2007), *available at* http://www.aia.org/aiaucmp/groups/aia/documents/pdf/aias076835.pdf (noting that the 2007 revision to § 15.2.8 provides that "[l]ien notice and filing deadlines may be complied with regardless of the stage in the claim process").

circumstances, and granting a stay to permit mediation (or to require it) will often be appropriate." *Advanced Bodycare Solutions, LLC v. Thione Intern. Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008). Here, granting a stay to require the parties to mediate is more appropriate than dismissal because it puts the parties in the position that they bargained for, and results in little or no prejudice to either party.

Finally, Plaintiff argues that it is entitled to an interlocutory lien to preserve the status quo before the parties submit to mediation. Such an interlocutory lien is outside of the scope of the parties' contract. Section 15.2.8 only allows for the filing of a petition for a mechanic's lien to account for "lien notice or filing deadlines." (ECF No. 17-2, at 52). The parties' agreement only allows for the filing of claims to meet statutory deadlines; it does not contemplate the adjudication of mechanic's lien claims. Accordingly, initiating procedures for an interlocutory lien before the parties have mediated is outside the scope of the parties' agreement, and Plaintiff's request will be denied.

## III. Conclusion

For the foregoing reasons, the motion to dismiss, or in the alternative, to stay and compel mediation filed by Defendant CVS will be denied in part and granted in part, and the motion to consolidate will be denied.  A separate Order will follow.

                /s/
DEBORAH K. CHASANOW
United States District Judge
